UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,

v.

MARINETTE MARINE CORPORATION,

        Defendant.

Civil Action No. 09-C-0941

**CONSENT DECREE**

This action was instituted by the United States Equal Employment Opportunity Commission ("EEOC") on September 29, 2009, against Marinette Marine Corporation ("MMC") under Title VII of the Civil Rights Act of 1964 ("Title VII"). The EEOC alleges that Marinette Marine discriminated against Andrea Antonson, Carlos Luna, Josenel Williamson, David Polzin, and a class of employees, by denying them an environment free from race, national origin, sex-based harassment, and retaliation in violation of Title VII.

The EEOC and MMC have agreed to this Consent Decree, which shall fully and finally resolve all claims which were raised by the EEOC as a result of Charge Numbers 443-2007-0228C, 00976C, 01604C, and 02391C. Charging Parties Antonson, Luna, Williamson and Polzin do not agree to the terms of this Consent Decree and the Consent Decree shall have no effect on their rights to pursue their claims in any other action after this case has been finally resolved as to EEOC and MMC, and they shall have no right to receive any relief of any kind pursuant to this Consent Decree.

This Consent Decree shall be final and binding on the EEOC, MMC, and MMC's successors, and assigns.

# CONSENT DECREE

Upon the consent of the parties to this action, **IT IS HEREBY ORDERED, ADJUDGED and DECREED** that:

## Non-Discrimination

1. <u>Jurisdiction</u>. This Court has jurisdiction over the EEOC and MMC and the subject matter of this action as it pertains to the EEOC and MMC.

2. <u>Public Interest</u>. The entry of this Consent Decree will further the objectives of the Title VII and will be in the best interests of the parties and the public.

3. <u>Prohibition Against Title VII Violations</u>. MMC is enjoined from engaging in any employment practice which constitutes unlawful discrimination or retaliation under Title VII. Among other things, MMC shall not tolerate racial, sexual, or ethnic harassment or allow graffiti which is racially, sexually, or ethnically offensive on its premises, and shall remove any such graffiti when it is discovered.

4. <u>Compliance with Title VII</u>. MMC is enjoined to comply with all provisions of Title VII. Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to limit MMC's obligations under Title VII or the EEOC's authority to process or litigate any charge of discrimination which may be filed against MMC in the future, or MMC's ability to defend against any such claims.

5. <u>No Retaliation</u>. MMC shall not engage in, implement, or permit any action, policy, or practice with the purpose of retaliating against any current or former applicant or employee because s/he opposed any action or practice which is unlawful under Title VII. MMC will not retaliate against individuals who filed a charge of discrimination alleging any such action or

practice; testified or participated in any manner in any investigation (including, but not limited to, any internal investigation undertaken by MMC), proceeding, or hearing relating to any claim of employment discrimination in this case or otherwise; or who was identified as a possible witness in this action; asserted any rights under this Consent Decree; or sought or received any monetary and/or non-monetary relief in accordance with the law. The retaliation prohibited by this paragraph includes (but is not limited to) a failure or refusal by MMC to consider any individual for employment in the future if a basis for such failure or refusal is his or her filing of the discrimination charge against MMC which led to the filing by the EEOC, or his or her participation in this proceeding.

6. This Consent Decree, and the exhibits to it (whether in executed or unexecuted form), comprise the full and exclusive agreement of the parties with respect to the resolution of this litigation. No representations or inducements to compromise this action have been made, other than those made in this Consent Decree and the exhibits to it. This Consent Decree is final and binding upon the parties and their successors and assigns.

**Monetary Relief**

7. MMC agrees to pay $10,000 to each African American, Hispanic and/or female employee identified by EEOC pursuant to Paragraph 8, below, who was allegedly subjected to harassment, up to a maximum payment of $50,000 to the class. If EEOC identifies more than five (5) class members, MMC shall pay each class member an amount determined by EEOC, not to exceed a total of $50,000 for all class members.

8. For two consecutive Saturdays, beginning on the third Saturday following the entry of this Consent Decree, MMC shall cause to be run, at its own expense, a display advertisement in

the *Marinette Eagle Herald* which shall contain the text of Exhibit A to this Decree and, when run, shall cover one-quarter of a newspaper page. Each time it is run, the advertisement shall be placed on one of the first five pages of the newspaper. The EEOC will evaluate the responses to the advertisement and may obtain additional information as it deems necessary or appropriate from the potential class members who respond to the EEOC through the advertisement or other sources.

9. Within 30 days of running the advertisements described in Paragraph 8 above, the EEOC will give MMC a list of the class members who shall receive monetary relief and the amounts which they will receive. Each class member who receives monetary relief shall sign a release using the form attached as Exhibit B to this Consent Decree. MMC shall mail the settlement checks to class members, in the amounts specified by the EEOC, within 10 business days of MMC's receipt of a release executed by an individual class member. On the same day it mails a check to any class member, MMC also shall mail a photocopy of that check to Dennis R. McBride, Senior Trial Attorney, EEOC, 310 West Wisconsin Avenue - Suite 800, Milwaukee, WI 53203-2292.

**Posting of Notice**

10. Within 10 business days after the Court's entry of this Consent Decree, MMC shall post same-sized copies of the Notice attached as Exhibit C to this Decree on all bulletin boards at its Marinette, Wisconsin, facility usually used for communicating human resources matters to employees. The notice shall remain posted for 24 months. Within 10 business days of the posting, MMC also shall send a letter to Dennis R. McBride, Senior Trial Attorney, EEOC, 310 West Wisconsin Avenue - Suite 800, Milwaukee, WI 53203-2292, enclosing a copy of the Notice as signed by MMC and stating the date and locations of its postings. MMC shall make good-faith efforts to ensure that the postings are not altered, defaced, or covered by any other material. If a

posted copy is removed or becomes defaced, marred, or otherwise illegible, as soon as practicable MMC shall post a readable copy in the same manner as previously specified.

**<u>Training</u>**

11. No later than March 31, 2010, or 90 days after the date this consent decree is signed, whichever is later, MMC shall provide to all of its Human Resources Department employees, and to all managers and supervisors at its Marinette, Wisconsin, facility who have any responsibility for interviewing or hiring employees, training regarding the rights of applicants and employees under Title VII and the employer's obligations under Title VII, with an emphasis on what constitutes race, national origin, and sex-based harassment in the workplace, how to keep MMC free of such forms of discrimination, and what constitutes unlawful retaliation. The training shall be for a minimum of four hours and will include a live presentation by one or more employment attorneys, who shall emphasize MMC's commitment to prevent discrimination and retaliation.

12. No later than 30 days prior to the first day of the proposed training, MMC shall submit to the EEOC the name(s), address(es), telephone number(s), and resume(s) of its trainer(s) along with the date(s) and location(s) of the proposed training. MMC shall provide the EEOC with copies of all written materials provided to the participants of the training sessions.

13. Within 10 business days after all required training has occurred, MMC shall send a letter to Dennis R. McBride, Senior Trial Attorney, EEOC, 310 West Wisconsin Avenue - Suite 800, Milwaukee, WI 53203-2292, certifying to the EEOC that the training has taken place and that the required personnel have attended.

**<u>Reporting</u>**

14. During the 24-month period after this Consent Decree is approved, MMC shall every six months report in writing to the EEOC's Milwaukee Area Office any MMC employee's written

5

Case 1:09-cv-00941-WCG   Filed 01/27/10   Page 5 of 7   Document 12

or verbal complaint of discrimination reported to any manager or supervisor at its Marinette, Wisconsin, facility, including a summary of the nature of the complaint or retaliation allegation and a summary of the results of any investigation, discipline, or other action taken as a result of the complaint or allegation. Such reports shall include the name, address, telephone number, and job title of the applicant or employee who made such a complaint and a summary as to the nature of the complaint. MMC shall maintain all documents pertaining to such complaints for the full 24-month reporting period, and shall make such documents available for inspection by the EEOC on 48 hours' written notice (excluding weekends and holidays).

## Dispute Resolution

15.     If any party to this Consent Decree believes that any other party has failed to comply with any provision of the Decree, the complaining party shall notify the party which is allegedly non-compliant within 10 business days of the alleged non-compliance and shall afford the alleged non-compliant party 10 business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-compliant party has complied. If the alleged non-compliant party has not remedied the alleged non-compliance within 10 business days, the complaining party may apply to the Court for appropriate relief.

## Insolvency

16.     If MMC files for bankruptcy before the settlement sum has been paid, then the EEOC shall be permitted to file a liquidated claim in the bankruptcy proceeding in an amount equal to 150 percent of the remaining balance, providing that such claim shall not constitute a non-dischargeable debt.

## Miscellaneous Provisions

17.     Each party to this Decree shall bear its own expenses, costs and attorneys' fees.

18. This Decree shall be filed in the United States District Court for the Eastern District of Wisconsin and shall continue in effect for two years from the date on which this Decree is entered.

19. The terms of this Decree are and shall be binding upon MMC and its assigns and successors. This paragraph shall not be construed as placing any limit on remedies available to the Court in the event that any party is found to be in contempt for a violation of this Decree.

20. This Decree shall fully and finally resolve all of EEOC's claims which were raised in its Complaint in Civil action No. 09-C-0941 (E.D. Wis.). This Decree shall have no effect on claims which may be made by Polzin, Antonson, Luna and Williamson based on EEOC Charge Nos. 443-2007-02228C, 00976C, 01604C, and 02391C.

21. This Court shall retain jurisdiction over this action in order to enforce the terms of this Consent Decree.

22. Each of the parties requests that this Court approve this Decree, and pursuant to Rule 41(a)(1), dismiss the case with prejudice, without costs to any party, and with the Court reserving jurisdiction as necessary to enforce this Decree.

23. In entering into this Decree, neither MMC nor EEOC admits the claims or defenses of the other. In entering this Decree, MMC makes no admission that it has violated any law with regard to any individual covered hereunder.

Dated this __27th__ day of January, 2010.

                        **BY THE COURT**:

                        s/ William C. Griesbach
                        William C. Griesbach
                        United States District Court Judge